KNICKERBOCKER FUEL COMPANY v. LOUIS STULTZ, Jr.

Decided December 1, 1927.

**Sale of Goods—Action to Recover Value of Three Cars of Coke— Defense That Goods Were Not as Ordered—Verdict for Plaintiff—Grounds for Reversal Considered and Rule to Show Cause Discharged.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Jacob S. Karkus.*

*Contra, Theodore D. Parsons.*

PER CURIAM.

The plaintiff brought this action to recover the reasonable value of three carloads of reclaimed coke, purchased from it by the defendant and shipped to him by the company. The ordering of the coke was admitted. The fact that the defendant refused to accept it on arrival at the point of delivery was also admitted. The defense was that the defendant's refusal to accept the shipments was justified, for the reason that the coke sent him was not in accordance with the specifications contained in the order for it, and that it was not usable for the purposes for which it was ordered, and for which the plaintiff furnished it. The trial resulted in a verdict in favor of the plaintiff, and thereupon the present rule was allowed to the defendant, and, upon his application, the right of appeal on exceptions taken by him at the trial was reversed to him by the rule.

The first ground upon which the defendant seeks to have this verdict set aside is that it is against the weight of the evidence; in other words, that the coke furnished was not of the character which was ordered by him, and which was agreed to be supplied to him by the plaintiff. Our examination of the proofs in the case leads us to the conclusion that this contention is not well founded; that, on the contrary, the verdict is supported by the preponderance of the evidence.

The next point argued in defendant's brief is that comments made by the judge on the testimony constitute reversible error. We find nothing of merit in this contention. The criticism is directed at the statement of the court, made in expressing the reasons which led it to deny the defendant's motion to nonsuit. It is entirely proper for a judge to state the reason upon which his judicial action is based, even if the reason stated does not justify his action.

The next contention made in defendant's brief is that the trial court was in error in refusing the defendant's motion to nonsuit. This, however, is not embraced in the reasons upon which the application for the new trial is based, and which are as follows: (1) That the verdict is contrary to the weight of the evidence; (2) because the charge of the court

was erroneous, and (3) because the court admitted illegal evidence for the plaintiff. Moreover, an exception was taken to the refusal to nonsuit, and that exception is reserved by the present rule. It follows, for the reasons indicated, that the defendant is not entitled to have this point considered and determined by us.

The next point argued is that it was error for the trial court to allow the plaintiff to amend his pleadings. But this point, like the one just preceding, is not embraced in the reasons for a new trial. Moreover, no objection was taken to the allowance of the amendment when it was granted by the court; and this, of course, was an implied consent by the defendant to such allowance.

Lastly, it is argued that there were certain legal errors contained in the charge to the jury. The instructions referred to by counsel under this point were made the subjects of exceptions, and the exceptions are reserved in the rule. For this reason we decline to consider them.

The rule to show cause will be discharged.